UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.W., a minor, by and through Nancy Dinh as Guardian Ad Litem,<br><br>Plaintiff,<br><br>v.<br><br>PIEDMONT UNIFIED SCHOOL DISTRICT,<br><br>Defendant. | Case No. 24-cv-06230-TSH<br><br>**ORDER GRANTING PETITION FOR MINOR'S COMPROMISE**<br><br>Re: Dkt. No. 25 |

## I.   INTRODUCTION

Plaintiff A.W., through her guardian ad litem, Nancy Dinh, appeals an adverse administrative decision under the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1400, et seq. The parties have reached a settlement, and Plaintiff now moves for an order approving the agreed-upon settlement. ECF No. 25. Plaintiff also requests the Court dismiss this case with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). No opposition has been received. The Court finds this matter suitable for disposition without oral argument and **VACATES** the July 10, 2025 hearing. Civ. L.R. 7-1(b). For the reasons stated below, the Court **GRANTS** Plaintiff's motion.[1]

## II.   BACKGROUND

Plaintiff is a child diagnosed with multiple disabilities who has been eligible for special education and related services under the IDEA since December 2020. Compl. ¶¶ 6, 12, ECF No. 1. Defendant Piedmont Unified School District is a public entity that receives federal funds from

---

[1] The parties consent to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). ECF Nos. 9, 14.

the United States Department of Education pursuant to IDEA, and it is required to provide a free and appropriate public education (FAPE) in the least restrictive environment to all disabled children whose parents reside within the Defendant's educational boundaries. *Id.* ¶ 7; Answer ¶ 7, ECF No. 10. After a disagreement arose between Plaintiff and the school district regarding her educational programming, on December 6, 2023, Plaintiff filed a request for an administrative hearing under the IDEA. Compl. ¶ 42. On June 7, 2024, an Administrative Law Judge issued a decision in Defendant's favor. *Id.* ¶ 49 & Ex. A (Administrative Decision).

Plaintiff filed this case on September 3, 2024. She seeks a determination that (1) the ALJ's decision should be afforded no deference and (2) Defendant denied her a free, appropriate public education at all times. *Id.*, Prayer for Relief. On September 4 the Court granted Plaintiff's petition to appoint her mother, Nancy Dinh, as her guardian ad litem. ECF No. 5.

On April 7, 2025, the parties participated in a settlement conference with Magistrate Judge Alex G. Tse, at which the parties reached an agreement resolving all claims. ECF No. 21. In exchange for dismissal of Plaintiff's claims with prejudice, Defendant has agreed to reimburse Plaintiff's parents $49,000 for expenses they incurred in providing her with educational services and to cover attorney fees. Mot. at 3 & Ex. B (Settlement Agreement). On April 23 Defendant's Governing Board approved the settlement agreement. Mot. at 4; Dinh Decl. ¶ 9, ECF No. 25.

Plaintiff filed the present motion on May 30, 2025.

### III.   LEGAL STANDARD

"District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors."[2] *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). "In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'" *Id.* (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)). "In other words, in this context, the fairness determination is an

---

[2] In her motion, Plaintiff states she brings this case "[p]ursuant to Rule 7.950 of the California Rules of Court, and California Code of Civil Procedure, Section 372, et, seq.," but, as a federal court, the Court applies the Federal Rules of Civil Procedure.

independent, not a comparative, inquiry." *Id.* at 1182. Courts must "focus[ ] on the net recovery of the minor plaintiffs under the proposed agreement" and "limit the scope of their review to the question whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Id.* at 1181-82. "Most importantly, the district court should evaluate the fairness of each minor plaintiff's net recovery without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel – whose interests the district court has no special duty to safeguard." *Id.* at 1182 (citing *Dacanay*, 573 F.2d at 1078).

## IV.     DISCUSSION

### A.     Settlement Agreement

In exchange for dismissal of the action, Defendant has agreed to pay $49,000 for educational expenses incurred by her parents. All funds are earmarked for reimbursement of the educational expenses Plaintiff's parents incurred, including a private school and special education services. Dinh Decl. ¶¶ 4, 11. Dinh states she and her husband incurred over $100,000 in expenses for Plaintiff's education during the relevant years. *Id.* ¶ 4. The Court finds this settlement is fair and reasonable. *See C.F. v. San Lorenzo Unified Sch. Dist.*, 2016 WL 4521857, at *2 (N.D. Cal. Aug. 29, 2016) (approving minor's compromise of IDEA claims for $65,000 in exchange for dismissal of the action). As Plaintiff's guardian, Dinh also believes the settlement is fair and reasonable. Dinh Decl. ¶ 10. Finally, the Court notes Plaintiff's parents have a separate written fee agreement with their counsel, Roberta Savage, who is paid on an hourly basis. *Id.* ¶ 11. Although the settlement funds will be deposited into her attorney-client trust account, the funds are earmarked for reimbursement of Plaintiff's educational expenses. *Id.* Accordingly, the Court finds the settlement reflects a fair and reasonable compromise intended for Plaintiff's benefit, and the compromise should therefore be approved.

### B.     Rule 41 Motion to Dismiss

Under Federal Rule of Civil Procedure 41(a)(2), "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." The decision to grant a voluntary dismissal under Rule 41(a)(2) lies with the sound discretion of the Court. *See*

3

1  *Kern Oil Refining Co. v. Tenneco Oil Co.*, 792 F.2d 1380, 1389 (9th Cir. 1986).  "A district court
2  should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show
3  that it will suffer some plain legal prejudice as a result."  *Smith v. Lenches*, 263 F.3d 972, 975 (9th
4  Cir. 2001).  "[T]he expense incurred in defending against a lawsuit does not amount to legal
5  prejudice."  *Id.*  Nor does the "mere prospect of a second lawsuit."  *Lynch v. Harris*, 132 F.3d 39
6  (9th Cir. 1997) (citation omitted).  Rather, legal prejudice requires "prejudice to some legal
7  interest, some legal claim, [or] some legal argument."  *Westlands Water Dist. v. United States*, 100
8  F.3d 94, 97 (9th Cir. 1996).

9  There is no suggestion Defendant would suffer legal prejudice.  The parties have entered
10 into a settlement agreement in which Plaintiff agrees to dismiss this case with prejudice and
11 further agrees she

> unconditionally, irrevocably and absolutely releases and discharges the District, as well as any other present or former employees, officers, agents, attorneys, affiliates, successors, assigns, insurers and all other representatives of the District, from any and all causes of action, judgments, liens, indebtedness, damages, losses, claims (including attorneys' fees and costs), liabilities and demands of whatsoever kind and character that Plaintiff may now or hereafter have against them arising from the District's conduct as alleged in the subject lawsuit . . . .

17 Settlement Agreement ¶ 3.  Further, Defendant has not opposed Plaintiff's request for dismissal.
18 Accordingly, the Court finds dismissal with prejudice is appropriate.

### V.   CONCLUSION

20 Based on the analysis above, the Court **GRANTS** Plaintiff's motion to approve the parties'
21 settlement agreement and **GRANTS** Plaintiff's motion to dismiss this case **WITH PREJUDICE**.
22 **IT IS SO ORDERED.**

24 Dated: June 30, 2025

_____
THOMAS S. HIXSON
United States Magistrate Judge

4